Filed 6/10/22  P. v. Nunez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>IGNACIO NUNEZ,<br><br>    Defendant and Appellant. | F083337<br><br>(Fresno Super. Ct. No. F21903745)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Glenda S. Allen-Hill, Judge.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Hill, P. J., Franson, J. and Meehan, J.

## INTRODUCTION

Appellant and defendant Ignacio Nunez entered into a negotiated disposition and was sentenced to two years in prison. On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) We affirm.

## FACTS[1]

Appellant and the victim were in a dating relationship. On May 6 and 7, 2021, the victim was voluntarily at appellant's house and spent the night with him. On May 7, 2021, appellant and the victim verbally argued, and appellant said that she would not disrespect him anymore. Appellant hit her in the mouth with the back of his hand, and then he hit and punched her in the face.

Appellant pulled the victim's hair and brought her to the floor; he threw a chair at her. She blocked the chair with her hand and tried to get up; appellant punched her in the head five or six times. The victim was crying and pleading with him to stop. She again tried to get up from the floor, and appellant stomped on her head twice with his shoe-clad foot.

The victim suggested they have sex, in an attempt to get appellant to stop hitting her. Appellant stopped hitting her, they went into the bedroom, and had what the victim described as consensual sex. After they finished, she asked for permission to use the bathroom. Appellant agreed she could leave the room. The victim then left the house, went to a friend's house, and called the police.

## PROCEDURAL BACKGROUND

On June 28, 2021, an information was filed in the Superior Court of Fresno County charging appellant with count 1, infliction of corporal injury to a spouse, cohabitant, or someone in a dating relationship resulting in a traumatic condition (Pen.

---

[1] The following facts are from the victim's testimony at the preliminary hearing.

Code, § 273.5, subd. (f)(1));[2] and count 2, misdemeanor contempt of court by willfully disobeying a protective or stay-away order issued as a condition of probation in a criminal proceeding involving domestic violence (§ 166, subd. (c)(1)).

On June 29, 2021, appellant entered into a negotiated disposition and pleaded no contest to counts 1 and 2, for a sentencing lid of two years and dismissal of a pending case.

On July 27, 2021, the court denied probation and sentenced appellant to the lower term of two years for count 1, with a concurrent jail term for misdemeanor count 2. The court also imposed, and appellant was served with, a no-contact protective order for the victim for 10 years.

The court imposed a $300 restitution fine (§ 1202.4, subd. (b)), stayed the parole revocation fine in the same amount (§ 1202.45), and reserved victim restitution. It also imposed the court operations assessment of $80 (§ 1465.8) and the criminal conviction assessment of $60 (Gov. Code, § 70373).

As the court imposed the fine and fees, it advised appellant and his attorney: "With regard to Mr. Nunez having the ability to pay fines and fees once he is released, the ability to work and do so even if he had to do so over time, would you like to be heard, Mr. King, or are you stipulating that … he would be able to do so?" Defense counsel replied: "No, your Honor. Defense stipulates."

On August 31, 2021, the court granted appellant's motion for a hearing pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*). After the in camera hearing, the court stated it denied appellant's motion to discharge his attorney. Thereafter, defense counsel stated he would be filing a motion for appellant to withdraw his plea.

On the same day, appellant filed a motion to withdraw his plea. The motion claimed appellant did not understand what was going on at the plea hearing, everyone

---

[2] All further statutory citations are to the Penal Code unless otherwise indicated.

was talking fast, and he did not comprehend what he was pleading to or the consequences of his plea.

On September 22, 2021, appellant filed a timely notice of appeal, and his request for a certificate of probable cause was granted.

On September 30, 2021, appellant requested to withdraw his previous motion that had sought to withdraw his no contest plea, and counsel stated that the prosecution was going to dismiss the pending misdemeanor case. The court granted the motion, and then granted the prosecution's motion to dismiss the pending case.

## DISCUSSION

As noted above, appellant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court. By letter on February 7, 2022, we invited appellant to submit additional briefing. He has failed to do so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.